IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEPHEN LEN HEJNY, ID # 1343298,  )  <br> Plaintiff,   ) <br> vs.   ) <br>   ) <br> DALLAS COUNTY JAIL, et al.,   ) <br> Defendants.   ) | <br><br> No. 3:06-CV-0235-K (BH) <br> ECF <br> Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Plaintiff, a current inmate in the Texas prison system and a former inmate in the Dallas County Jail, filed the instant action pursuant to 42 U.S.C. § 1983. (Compl. at 1.) He sues the Dallas County Jail (the Jail), an unidentified transfer officer of the jail, and two individuals who work the "Court desk", Messrs. Nunn and Scott. (*Id.* at 1, 3.) He alleges that the unnamed Transfer Officer used excessive force against him in December 2005 when the officer grabbed him and threw him on the ground after he refused to change shoes. (*Id.* at 4-5.) He alleges that Mr. Nunn watched the incident and tossed shoes to the transfer officer. (*Id.* at 3-4.) He alleges that Mr. Scott gave him someone else's shoes and said they were plaintiff's. (*Id.*) He makes no specific allegation against the Jail, but specifically indicates that he intends to sue the Jail. (*See* Answer to Question 4 of Magistrate Judge's Questionnaire (MJQ).) Plaintiff claims that he was bruised and scratched in the incident with the transfer officer. (*See* Aff. of Pl. attached to Compl.) More specifically he states

that he received "some pretty good bruises and deep scratches", that the scratches "drew little blood and bruised to a deep purple real quick"; and that he received "antibiotics and band-aids, also some Motrins for a couple of weeks". (*See* Answer to Question 1 of MJQ.)  In his answer he also claims that he hurt his neck when he was slammed to the ground. (*See id.*)  He seeks "compensation or time-cut on sentence" as relief in this action. (*See* Compl. at 4.)

On March 20, 2006, the Court granted plaintiff permission to proceed with this action *in forma pauperis*.  No process has been issued in this case.

## II.  PRELIMINARY SCREENING

As a prisoner seeking redress from a governmental entity or an officer or employee of such entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998).  Because he is proceeding *in forma pauperis*, plaintiff's complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

### III.  SECTION 1983 RELIEF

Plaintiff seeks relief under 42 U.S.C. § 1983 for acts and omissions related to an incident that occurred in December 2005.  Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

Plaintiff seeks monetary damages or a time-cut on his sentence as relief in this § 1983 action.  The Supreme Court, however, has specifically found that release from imprisonment is an inappropriate remedy in an action brought pursuant to 42 U.S.C. § 1983.  *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974).  Because a requested time cut results in a speedier release from imprisonment, it is not materially different than a request for outright release and such claim for relief does not survive summary dismissal.  If plaintiff is entitled to any relief in this action, he is entitled only to monetary relief.

The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  The statute requires a physical injury in order for a prisoner to assert a claim upon which monetary damages can be granted for conditions of confinement.  *See Jones v. Greninger*, 188 F.3d 322, 326 n.3

(5th Cir. 1999). The physical injury requirement applies to all federal civil actions. *See Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005) (applying the requirement to bar a First Amendment claim of mail tampering). The "physical injury requirement of § 1997e(e)" bars recovery for monetary damages for mental and emotional injuries. *Id.* at 374.

This statute requires a physical injury that is more than de minimis. *Alexander v. Tippah County*, 351 F.3d 626, 630-31 (5th Cir. 2003). Bruises and scratches that require no or minimal medical attention are de minimis injuries that are not actionable because of § 1997e(e). *See Valentine v. Thomas*, 119 Fed. App'x 634, 635 (5th Cir. 2004) (thigh bruise that required no medical treatment other than ibuprofen); *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir.1997) (holding that a sore bruised ear lasting for three days did not constitute a physical injury as required to state a claim for excessive force); *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex. 1997) (holding that sore muscles, scratches, abrasions and bruises do not constitute a "physical injury" within the meaning of § 1997e(e)). An alleged "sore neck" which requires minimal medical attention is likewise a de minimis injury that is not actionable because of § 1997e(e). The alleged force in this case is not "repugnant to the conscience of mankind", and is properly characterized as *de minimis*. *See Hudson v. McMillian*, 503 U.S. 1, 10 (1992).

Because plaintiff has suffered no physical injury, his claims for monetary relief are barred by the physical injury requirement of 42 U.S.C. § 1997e(e). Consequently, his claims should be summarily dismissed. *See Geiger*, 404 F.3d at 373-75.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The dismissal of this action will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[1]

**SIGNED this 29th day of January, 2007.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.